UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOU-CON, INC. | CIVIL ACTION |
| VERSUS | NO: 25-2054 |
| ARTHUR J. GALLAGHER & CO. | SECTION: T (5) |

**ORDER AND REASONS**

Before the Court is a Motion to Acknowledge Automatic Stay Pursuant to La. R.S. 22:1892.2 (R. Doc. 48) filed by defendant, AGCS Marine Insurance Company ("AGCS" or "Defendant"). Plaintiff, Lou-Con, Inc., has not filed a response, and the time for doing so has expired. Accordingly, the Motion, which seeks an order from the Court acknowledging an automatic stay and extension of its responsive pleading deadline pursuant to La. R.S. § 22:1892.2, is deemed to be unopposed. For the reasons set forth below, AGCS's Motion is **GRANTED**.

This action arises out of a dispute between Plaintiff, Lou-Con, Inc., which owns and operates an industrial fabrication shop in Meraux, Louisiana ("the Building"), and its insurance broker, defendant Arthur J. Gallagher & Co. ("AJG"). R. Doc. 1-1, pp. 2-3. On August 19, 2025, Lou-Con filed the instant suit, alleging that AJG breached its representations that it would obtain a particular form of insurance coverage for the Building, and that this breach resulted in a lower payout from the insurance carrier, AGCS, after the roof was substantially damaged during Hurricane Francine and required replacement. *Id.* at pp. 2-7. Alternatively, Lou-Con alleges that AJG negligently overvalued the Building. *Id.* at p. 7.

On May 22, 2026, Plaintiff was granted leave to file an Amended and Restated Complaint, in which it added claims against AGCS. *See* R. Docs. 29, 34, 35. Specifically, Plaintiff contends

that it relied to its detriment upon AGCS's representations and that AGCS failed to provide the policy it represented it would issue. R. Doc. 35, p. 9. Additionally, the Amended and Restated Complaint alleges that AGCS's lower payout for the claim was "arbitrary, capricious, or without probable cause," thereby entitling Plaintiff to bad faith penalties and attorney's fees under La. R.S. § 22:1892. *Id.* at p. 10. "La. R.S. § 22:1892.2 requires insureds to take certain actions as a condition precedent to filing claims alleging bad faith." *Sicilian Foods, LLC v. Atain Specialty Ins. Co.*, No. CV 26-623, 2026 WL 1689928, at *2 (E.D. La. June 11, 2026). As recently explained by another section of this Court,

> As of July 1, 2024, the Louisiana State Legislature enacted reforms and amendments to Louisiana's bad faith penalty statutes. The most pertinent addition is La. R.S. § 22:1892.2, which now governs bad faith claims for catastrophic losses. The statute imposes new deadlines for insurers to issue payment following receipt of satisfactory written proof of loss. The insurer's failure to comply with these deadlines entitles the insured to recover a 50% penalty, plus proven economic damages, attorney's fees, and costs—provided the failure is found to be arbitrary, capricious, or without probable cause. However, § 22:1892.2(C) also mandates a sixty-day "cure period notice" before the insured can file a bad faith suit seeking statutory penalties. This cure period notice requires the insured to provide a "formal written demand providing sufficient notice of the facts and circumstances of the dispute." Importantly, "if any suit is filed prior to transmitting the cure period notice […] it shall be automatically stayed until sixty days after the cure period notice is received." And "the delay for answering any suit shall automatically be extended until thirty days after the end of the cure period."
>
> Insurers have a major incentive to "cure" the alleged violation by paying the amount alleged in the proof of loss together with actual expenses and attorney's fees. If the insurer pays the full amount sought in the notice within sixty days, the insured has no further cause of action under § 22:1892.2, meaning that it cannot seek the 50% penalty otherwise available. If the insurer makes only a partial payment, the penalty on the amount paid is reduced by half. Although the issue of whether the insurer owes penalties if it does not tender payment within the statutory deadline is still a question for the fact finder, § 22:1892.2 gives insurers at least one avenue to avoid penalties as a matter of law.

*Id.* (internal citations omitted). *See also Castro-Rochez v. Allied Tr. Ins. Co.,* No. CV 25-2431, 2026 WL 472748, at *2-3 (E.D. La. Feb. 19, 2026); La. R.S. § 1892.2.

Here, because Plaintiff's alleged property damage "arose from Hurricane Francine, which was a presidentially declared major disaster and a gubernatorially declared state of emergency," it seeks damages for a catastrophic loss and the provisions of § 22:1892.2 apply. *3612 Edenborn, LLC v. Chaucer Ins. Co. DAC*, No. CV 25-2039, 2026 WL 820376, at *3 (E.D. La. Mar. 25, 2026). *See also Castro-Rochez*, 2026 WL 472748, at *1 (finding that Hurricane Francine qualifies as a "catastrophic loss" under La. R.S. § 22:1892(B)(1)(c)). AGCS contends in its Motion that Plaintiff did not provide a cure period notice prior to filing the Amended and Restated Complaint as required by statute. R. Doc. 48-1, p. 1. Thus, it argues that Plaintiff's claims against it are premature and moves for an order acknowledging the automatic stay of the proceedings as provided in La. R.S. § 22:1892.2. Having reviewed ACGS's Motion, the applicable law, and the absence of an opposition, the Court concludes that the Motion to Acknowledge Automatic Stay has merit and that the Court must automatically stay the case and extend the pleading deadline until the notice requirement has been satisfied.[1]

Accordingly,

**IT IS ORDERED** that the Motion to Acknowledge Automatic Stay Pursuant to La. R.S. 22:1892.2 (R. Doc. 48) filed by defendant, AGCS Marine Insurance Company, is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED** and **ADMINISTRATIVELY CLOSED** until sixty (60) days have elapsed after the cure period notice is received from Plaintiff by AGCS. Upon expiration of the sixty-day cure period, either party may move to lift the stay.

[1] Section 22:1892.2(C)(7) provides that if "any suit" is filed before the required cure period notice is transmitted, "it shall be automatically stayed . . .." La. R.S. § 22:1892.2(C)(7). Accordingly, the plain language of the statute indicates that the entire suit shall be stayed, rather than merely the prematurely filed statutory claim.

**IT IS FURTHER ORDERED** that, pursuant to La. R.S. § 22:1892.2(C)(7), the deadline for defendant AGCS to answer or otherwise respond to Plaintiff's Amended and Restated Complaint is extended until thirty (30) days after the end of the sixty-day cure period.

New Orleans, Louisiana, this 24th day of August 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE